# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LANCE POUGH, | ) | Case No. 1:24-cv-2016 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| STEVE WEISHAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Lance Pough, an inmate representing himself, filed suit under 42 U.S.C. § 1983 against Lt. John Faltay and Investigator Steve Weishar alleging that each violated his federal constitutional rights.  In an opinion and order dated February 9, 2026, the Court dismissed Plaintiff's claims against each Defendant for different reasons.  (ECF No. 20.)  Pursuant to Rule 59(e), Plaintiff seeks reconsideration of the judgment dismissing his lawsuit.  (ECF No. 25.)

At the outset, the Court notes that, under Section 9.M. of its Civil Standing Order (available here on the Court's website), the Court limits any motion for reconsideration to two pages and will request briefing if it needs further explanation of the basis for the motion.  The Court adopted this approach to minimize the burden associated with re-litigating matters, particularly in light of the high standard for reconsideration and the limited circumstances in which it is appropriate.  Plaintiff's motion fails to comply with the Court's Standing Order.  That failure suffices to deny the motion.  In any event, the motion fails on its merits for the reasons that follow.

## ANALYSIS

Under Rule 59, a court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

## I. Exhaustion and the Statute of Limitations

Plaintiff argues that his claims against Lt. Faltay are timely because he filed within two years of exhausting his remedies through the prison's grievance process. (ECF No. 25, PageID #212.) He maintains that he exhausted his administrative remedies on September 14, 2022. (*Id.*, PageID #213.) As the Court explained,

2

however, Mr. Pough did not file his complaint until November 18, 2024. (ECF No. 20, PageID # 185–86.)  Accordingly, even using the accrual date for which he argues in his motion, Plaintiff's complaint is untimely, and the statute of limitations bars Plaintiff's claims against Lt. Faltay.  Nothing in the motion for reconsideration demonstrates an error of law or manifest injustice in the Court's ruling.

## II.  Equitable Tolling

To try to invoke equitable tolling to make his claims against Investigator Weishar timely, Plaintiff provides various documents as exhibits.  He relies on them to argue that he was prevented from timely filing suit through no fault of his own. (ECF No. 25, PageID #214–16.)  Specifically, Plaintiff claims that he was unable to get a form to apply for *in forma pauperis* status the law library or the Clerk, which forced him to file the original complaint without the necessary application for *in forma pauperis* status.  (*Id.*, PageID #214–20.)  But these documents were all previously available to Mr. Pough, and nothing prevented him from submitted a handwritten application to proceed *in forma pauperis*, as he did in connection with his notice of appeal.  (ECF No. 24.)  In any event, as the Court previously noted (ECF No. 20, PageID #193–94), Mr. Pough had sufficient time within the limitations period to exhaust the administrative remedies for his claims against Investigator Weishar and failed timely to file suit.

Upon review of the authorities on which Mr. Pough relies (ECF No. 25, PageID #216–17), the Court remains unpersuaded that equitable tolling applies. Courts within the Sixth Circuit apply equitable tolling "sparingly."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  Plaintiff bears the burden of

3

demonstrating that "(1) he diligently pursued his rights and (2) some extraordinary circumstance prevented him from filing on time." *Borns v. Chrisman*, 167 F.4th 335, 346 (6th Cir. 2026) (citations omitted).

In an attempt to demonstrate that equitable tolling applies, Plaintiff relies on *Brent v. Wayne County Department of Human Services*, 901 F.3d 656, 679 (6th Cir. 2018), for the proposition that, where a plaintiff actively pursues his judicial remedies within the limitations period by filing a defective pleading, a district court does not abuse its discretion by allowing equitable tolling.  In *Brent*, the plaintiff attempted to initiate a claim under Michigan law by joining a party on the last day of the limitations period.  The Sixth Circuit relied on *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), saying that the Supreme Court allows "equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Brent*, 901 F.3d at 679.  That observation by the Supreme Court in *Irwin* makes sense as applied to a defective filing on the last day of the statutory period, as in *Brent*.  But in *Irwin*, the Supreme Court recognized that federal courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." 498 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984).

Such is the case here.  The alleged facts, even construed in Plaintiff's favor, show that Mr. Pough failed to exercise due diligence much more than he attempted a good-faith effort to preserve his rights within the limitations period.  And he has not

4

demonstrated an extraordinary circumstance that prevented him from filing within the limitations period.  After all, Plaintiff knew in July 2022 about the conduct of Investigator Weishar about which he now complains.  And Plaintiff discovered Investigator Weishar's alleged retaliation in August 2023.  But he did not take any administrative action until almost a year later in July 2023 and waited until September 2024 to file even a defective complaint.

If Plaintiff diligently pursued his legal rights, he would not have waited to pursue his administrative remedies, which would have allowed him to file his complaint—even a defective one—within the limitations period.  Accordingly, the record reflects that Plaintiff did not act with reasonable diligence to pursue his rights, and he provides no justification for the delay.  As the Court previously stated, "[a]lthough Plaintiff had the necessary information providing the basis for his claims against Investigator Weishar within the limitations period, and months to spare before its expiration, he failed to pursue his claims with reasonable diligence."  (ECF No. 20, PageID #194.)  Indeed, the Sixth Circuit has denied equitable tolling in cases where petitioners sat idle for far less time than did Mr. Pough.  *See Borns*, 167 F.4th at 346 (collecting cases denying equitable tolling based on delays of five and seven months).

To the extent that Plaintiff relies on *Brent* to argue that the Court abused its discretion by not allowing equitable tolling (ECF No. 20, PageID #217), just because the Sixth Circuit ruled under the facts of that case (which are far different than those here) that the district court did not abuse its discretion by allowing equitable tolling

5

does not necessarily mean that a decision not to apply equitable tolling would amount to an abuse of discretion.  As the Court previously noted, equitable tolling might not apply in all cases, particularly cases like this one alleging retaliation.  (ECF No. 20, PageID #193 (citing *Reguli v. Russ*, 109 F.4th 874, 885 (6th Cir. 2026) (White, J., concurring).)  Indeed, as the Supreme Court recognizes, the federal courts apply equitable tolling sparingly.  *Irwin*, 498 U.S. at 96.  Nothing in the record or Plaintiff's motion establishes that he diligently pursued his rights or shows extraordinary circumstances that prevented him from filing within the limitations period.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion under Rule 59.  (ECF No. 25.)  Mr. Pough also seeks to appeal *in forma pauperis*.  (ECF No. 24.)  Under 28 U.S.C. § 1915(b), the Court must require Mr. Pough to pay the full $605 filing fee, with "an initial partial filing fee of 20 percent of the greater of" (1) the average monthly deposits to the prisoner's account; or (2) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the notice of appeal.  Mr. Pough knows that he must provide this information because he previously did.  (ECF No. 2-1.)  But the statute requires updated information.  Because Mr. Pough did not provide the information from which the Court can determine the amount of the initial partial payment due, the Court **ORDERS** Plaintiff to provide that information forthwith and no later than 30 days from the date of this Order.

**SO ORDERED.**

Dated:  March 18, 2026

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio